www.flsb.uscourts.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF**
**DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| Elena Barbara Quintero | § § | Case No. 12-18930 |
| Debtor(s) | § § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on     .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____ By:/s/Maria M. Yip, Trustee_____
                                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-18930 | LMI | Judge: | Laurel M. Isicoff | Trustee Name: | Maria M. Yip, Trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Elena Barbara Quintero | | | | Date Filed (f) or Converted (c): | 04/12/2012 (f) |
| | | | | | 341(a) Meeting Date: | 05/09/2012 |
| For Period Ending: | 03/18/2013 | | | | Claims Bar Date: | 11/26/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Property | 118,100.00 | 0.00 | | 0.00 | FA |
| 2. Cash | 10.00 | 0.00 | | 0.00 | FA |
| 3. Checking Account | 982.55 | 0.00 | | 0.00 | FA |
| 4. Security Deposits | 0.00 | 0.00 | | 0.00 | FA |
| 5. Household Goods | 650.00 | 0.00 | | 0.00 | FA |
| 6. Books/Collectibles | 30.00 | 0.00 | | 0.00 | FA |
| 7. Wearing Apparel | 20.00 | 0.00 | | 0.00 | FA |
| 8. Furs and Jewelry | 30.00 | 0.00 | | 0.00 | FA |
| 9. Pension / Profit Sharing | 17,805.24 | 0.00 | | 0.00 | FA |
| 10. Vehicles | 0.00 | 0.00 | | 0.00 | FA |
| 11. 2006 Mercedes C230 (u) | 6,000.00 | 6,000.00 | | 6,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.19 | Unknown |

Gross Value of Remaining Assets

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| TOTALS (Excluding Unknown Values) | | $143,627.79 | $6,000.00 | $6,000.19 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Status: TFR submitted.

Claims: All claims resolved.

Estate Tax Returns: No returns are required at this time.

Exhibit A

| | | | |
|---|---|---|---|
| RE PROP # | 1 | -- | Non-Homestead Property: 19102 SW 120 Court Miami, Fl 33177 |
| | | | Legal Decription: LOS ANGELES ESTATES SEC 2 PB 94-76 LOT 11 BLK 5 LOT SIZE 75.000 X 100 OR 21701-2111 0903 3 COC 25509-4496 25509-4497 0307 1 |
| | | | Purchased and on title: 04/05/2007 Debtor's intention are to surrender any and all interest of said property. |
| RE PROP # | 2 | -- | Cash money. |
| RE PROP # | 3 | -- | Citibank Checking Account: 8006 |
| RE PROP # | 4 | -- | Rental Deposit Debtor states she does not have a rental deposit. |
| RE PROP # | 5 | -- | Furniture/Appliances: 1 sofa, 1 recliner, 1 coffee table, 1 small television stand, 2 televisions, 1 kitchen table with 6 chairs, 1 buffet table, 1 bed, 1 dresser, 1 drawer, 1 bed room chair and any other miscellaneous furniture/appliances. |
| RE PROP # | 6 | -- | Decorations and any other miscellaneous decorations and or any other elaborations. |
| RE PROP # | 7 | -- | Clothing. |
| RE PROP # | 8 | -- | Jewelry: Miscellaneous/costume jewelry. |
| RE PROP # | 9 | -- | Publix Super Markets, Inc<br>401(k) Smart Plan |
| RE PROP # | 10 | -- | Debtor states she does not have an automobile under her name, due to her credit, debtor leases an automobile. |

Initial Projected Date of Final Report (TFR): 12/30/2014    Current Projected Date of Final Report (TFR): 12/30/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-18930 | Trustee Name: Maria M. Yip, Trustee |
| Case Name: Elena Barbara Quintero | Bank Name: Union Bank |
| | Account Number/CD#: XXXXXX8179 |
| | Checking |
| Taxpayer ID No: XX-XXX8462 | Blanket Bond (per case limit): $123,797,500.00 |
| For Period Ending: 03/18/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/20/12 | | Transfer from Acct # xxxxxx5064 | Transfer of Funds | 9999-000 | $1,000.19 | | $1,000.19 |
| 12/20/12 | | Transfer from Acct # xxxxxx0705 | Transfer of Funds | 9999-000 | $1,000.00 | | $2,000.19 |
| 12/26/12 | 11 | Elena Barbara Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL  33183 | stipulation funds<br>10/2/12 DE 38 Order grant 8/24 DE 33 Motion to Approve Stipulation | 1229-000 | $500.00 | | $2,500.19 |
| 01/25/13 | 11 | Elena Barbara Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL  33183 | stipulation funds<br>10/2/12 DE 38 Order grant 8/24 DE 33 Motion to Approve Stipulation. | 1229-000 | $2,000.00 | | $4,500.19 |
| 02/25/13 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $4,485.19 |
| 02/26/13 | 11 | Elena Barbara Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL  33183 | stipulation funds<br>10/2/12 DE 38 Order Granting 8/24 DE 33 Motion to Approve Stipulation. Final Payment. | 1229-000 | $1,500.00 | | $5,985.19 |

| | | |
|---|---|---|
| COLUMN TOTALS | $6,000.19 | $15.00 |
| Less: Bank Transfers/CD's | $2,000.19 | $0.00 |
| Subtotal | $4,000.00 | $15.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $4,000.00 | $15.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $6,000.19    $15.00

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-18930  
Case Name: Elena Barbara Quintero  
Taxpayer ID No: XX-XXX8462  
For Period Ending: 03/18/2013  

Trustee Name: Maria M. Yip, Trustee  
Bank Name: Capital One Bank  
Account Number/CD#: XXXXXX5064  
Money Market  
Blanket Bond (per case limit): $123,797,500.00  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/28/12 | 11 | Elena Barbara Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL 33183 | stipulation payment<br>8/24 DE 33 Motion to Approve Stipulation awaiting the 21 day negative notice. | 1229-000 | $500.00 | | $500.00 |
| 09/27/12 | 11 | Elena Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL 33183 | stipulation funds<br>8/24 DE 33 Motion to Approve Stipulation awaiting the 21 day negative notice | 1229-000 | $500.00 | | $1,000.00 |
| 09/28/12 | INT | Capital One Bank | Interest Rate 0.080 | 1270-000 | $0.03 | | $1,000.03 |
| 10/31/12 | INT | Capital One Bank | Interest Rate 0.080 | 1270-000 | $0.07 | | $1,000.10 |
| 11/30/12 | INT | Capital One Bank | Interest Rate 0.080 | 1270-000 | $0.07 | | $1,000.17 |
| 12/11/12 | INT | Capital One Bank | Interest Rate 0.080 | 1270-000 | $0.02 | | $1,000.19 |
| 12/20/12 | | Transfer to Acct # xxxxxx8179 | Transfer of Funds | 9999-000 | | $1,000.19 | $0.00 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $1,000.19 | $1,000.19 |
| Less: Bank Transfers/CD's | $0.00 | $1,000.19 |
| Subtotal | $1,000.19 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,000.19 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*    Page Subtotals:    $1,000.19    $1,000.19

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-18930  
Case Name: Elena Barbara Quintero  
Taxpayer ID No: XX-XXX8462  
For Period Ending: 03/18/2013  

Trustee Name: Maria M. Yip, Trustee  
Bank Name: Capital One Bank  
Account Number/CD#: XXXXXX0705  
Checking  
Blanket Bond (per case limit): $123,797,500.00  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/25/12 | 11 | Elena Barbara Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL  33183 | stipulation funds<br>10/2/12 DE 38 Order grant 8/24 DE 33 Motion to Approve Stipulation. | 1229-000 | $500.00 | | $500.00 |
| 11/28/12 | 11 | Elena Barbara Quintero<br>6210 SW 131 CT # 201<br>MIAMI, FL  33183 | stipulation funds<br>10/2/12 DE 38 Order Granting DE 33 Motion To Compromise Controversy. | 1229-000 | $500.00 | | $1,000.00 |
| 12/20/12 | | Transfer to Acct # xxxxxx8179 | Transfer of Funds | 9999-000 | | $1,000.00 | $0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $1,000.00 | $1,000.00 |
| Less: Bank Transfers/CD's | $0.00 | $1,000.00 |
| Subtotal | $1,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*                    Page Subtotals:                    $1,000.00    $1,000.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0705 - Checking | $1,000.00 | $0.00 | $0.00 |
| XXXXXX5064 - Money Market | $1,000.19 | $0.00 | $0.00 |
| XXXXXX8179 - Checking | $4,000.00 | $15.00 | $5,985.19 |
| | $6,000.19 | $15.00 | $5,985.19 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $6,000.19 |
| Total Gross Receipts: | $6,000.19 |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-18930
Case Name: Elena Barbara Quintero
Trustee Name: Maria M. Yip, Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Maria M. Yip | $ | $ | $ |
| Trustee Expenses: Maria M. Yip | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | N. A. As Successor To Fia Card Services | $ | $ | $ |
| 2 | Asset Acceptance Llc | $ | $ | $ |
| 3 | Vt Inc. As Trustee Of World Omni Lt | $ | $ | $ |
| 4 | American Express Bank Fsb | $ | $ | $ |
| 5 | Bureaus Investment Group Portfolio No 15 Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE